UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN SHAMMAMI,

    Petitioner,                                       Civil No. 2:14-CV-11204
                                                      HONORABLE NANCY G. EDMUNDS
v.                                                    UNITED STATES DISTRICT JUDGE

RANDALL HAAS,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

    Marvin Habib Shammami, ("Petitioner"), presently confined at the Cooper Street Correctional Facility in Jackson, Michigan, has filed a petition for writ of habeas corpus through his attorney James C. Thomas, pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for assault with intent to do great bodily harm less than murder, M.C.L.A. § 750.84, and possession of a firearm during the commission of a felony (felony firearm), M.C.L.A. § 750.227b. For the reasons that follow, the petition for writ of habeas corpus is **DENIED**.

## I. Background

    Petitioner was originally charged with assault with intent to murder and felony-firearm. Following a jury trial in the Oakland County Circuit Court, petitioner was found guilty of the lesser offense of assault with intent to do great bodily harm and guilty as charged of felony-firearm.

    This Court recites verbatim the relevant facts relied upon by the Michigan Court of

Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> This case arises out of an incident that happened on the evening of February 10, 2011, into the early morning hours of February 11, 2011, at a club in Southfield that resulted in the shooting of Michael Yasso. Yasso was shot twice, first in the stomach and then in the arm. Defendant's theory of the case was that the shots occurred quickly, both before Yasso fell to the ground, and were fired in self-defense. The prosecution's theory of the case was that both gunshots constituted unnecessary force and that, even if the second shot occurred before Yasso fell to the ground, the shots were not fired in self-defense.

*People v. Shammami,* No. 309603, 2013 WL 3717790, * 1 (Mich.Ct.App. July 16, 2013).

Petitioner's conviction was affirmed on appeal, *Id.; lv. den.* 495 Mich. 902, 839 N.W.2d 214 (2013).

Petitioner seeks a writ of habeas corpus on the following grounds:

> I. Trial counsel's representation fell below an objective standard of reasonableness when the testimony at the post-conviction hearing revealed that defense counsel failed to either investigate or call known eye-witnesses, even though the trial judge ruled at the conclusion of the hearing that two of the witnesses were credible and could have contributed exculpatory evidence to petitioner's case at trial.
>
> II. The prosecuting attorney deprived petitioner of a fair trial by engaging in prosecutorial misconduct when he argued to the jury in closing argument about petitioner's "failure" to produce witnesses in support of his case.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1)  resulted in a decision that was contrary to, or involved

2

> an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### III. Discussion

**A. Claim # 1. The ineffective assistance of trial counsel claim.**

Petitioner first contends that trial counsel was ineffective when he failed to call several witnesses who would have offered exculpatory evidence.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was

3

so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland*, 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)(quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 562 U.S. at 101. Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles*, 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. at 664). Pursuant to

4

the § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.* This means that on habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Harrington*, 562 U.S. at 101. "Surmounting *Strickland's* high bar is never an easy task." *Id.* at 788 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

In addition, a reviewing court must not merely give defense counsel the benefit of the doubt, but must also affirmatively entertain the range of possible reasons that counsel may have had for proceeding as he or she did. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1407 (2011).

Petitioner alleges that trial counsel was ineffective by not calling Randy Awdish and Justin Awdish and for failing to interview and call Firas Shammami to provide testimony at petitioner's trial.

On October 10 and 12, 2012, the trial judge conducted a *Ginther* [1] hearing in connection with trial counsel's failure to call the three witnesses now referred to in petitioner's habeas petition. After hearing testimony, the trial judge rejected petitioner's claim. The judge ruled that Randy Awdish was not credible and found that Justin Awdish and Firas Shammami could not help or add anything to petitioner's case, concluding "that the sum of these witnesses could only hurt the Defendant." The judge noted that petitioner's father had informed trial counsel "that the witnesses that are at issue here today would say whatever the lawyer needed them to say" and that all three witnesses

---

[1] *People v. Ginther,* 390 Mich. 436, 212 N.W. 2d 922 (1973).

were first cousins to petitioner. The judge further observed that all three witnesses testified that petitioner received a call from his sister who had been insulted and was furious, that the witnesses testified that petitioner then went to the Regency Manor following a phone call from petitioner's sister looking for a confrontation, and that a confrontation occurred in the bathroom and continued outside. Finally and most significantly, the judge noted that all three witnesses testified that they heard but did not actually see the shooting. (Tr. 10/12/2012, pp. 44-55). The judge asked whether it was "ineffective for not calling witnesses who would perhaps lie, according to a reliable source? The court thinks not." At the conclusion of the *Ginther* hearing, the trial court found that trial counsel's performance "was above, not merely below an []objective standard of reasonable." *Id.* at 55.

Federal courts must give state court factual determinations a presumption of correctness that can be overcome only by clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). There is no clear and convincing evidence to reject the trial court's credibility finding regarding Randy Awdish, Justin Awdish, and Firas Shammami. *See e.g. Fargo v. Phillips*, 58 Fed. Appx. 603, 607 (6th Cir. 2003). The trial judge's determination that Randy Awdish would not have made a credible witness and that Justin Awdish and Firas Shammami could not add anything to the defense presented was reasonable for the reasons stated by the judge in his lengthy opinion. Under *Strickland*, a court must presume that decisions by counsel as to whether to call or question witnesses are matters of trial strategy. *See Hutchison v. Bell*, 303 F. 3d 720, 749 (6th Cir. 2002). The credibility of the witnesses could have been called into question had they testified. Counsel was not ineffective in failing to call Randy Awdish, Justin Awdish and

Firas Shammami. *See Smith v. Jago*, 888 F. 2d 399, 409 (6th Cir. 1989); *Randle v. Jackson*, 544 F. Supp. 2d 619, 633 (E.D. Mich. 2008). Furthermore, petitioner's claim fails because none of these witnesses could have exculpated petitioner of the crime. A defense counsel has no obligation to present evidence or testimony that would not have exculpated the defendant. *See Millender v. Adams*, 376 F. 3d 520, 527 (6th Cir. 2004)(internal quotation omitted). Because Randy Awdish, Justin Awdish, and Firas Shammami did not witness petitioner shooting the victim, they could not have exonerated petitioner of the crime by claiming that it was self-defense, thus counsel was not ineffective in failing to call them as witnesses to support petitioner's self-defense claim. *See e.g. Pillette v. Berghuis*, 408 Fed. Appx. 873, 885-86 (6th Cir. 2010). Petitioner is not entitled to relief on his first claim.

### B. Claim # 2. The prosecutorial misconduct claim.

Petitioner's second claim alleges that the prosecutor committed misconduct by arguing to the jury in closing argument about petitioner's "failure" to produce witnesses in support of his case.

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004)(citing *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003)). A prosecutor's improper comments will be held to violate a criminal defendant's constitutional rights only if they "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)(quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Prosecutorial misconduct will thus form the basis for habeas relief only if the conduct was so egregious as to render the entire trial fundamentally unfair based on the totality of the

circumstances. *Donnelly v. DeChristoforo*, 416 U.S. at 643-45. In order to obtain habeas relief on a prosecutorial misconduct claim, a habeas petitioner must show that the state court's rejection of his prosecutorial misconduct claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Parker v. Matthews*, 132 S. Ct. 2148, 2155 (2012)(quoting *Harrington*, 562 U.S. at 103).

Petitioner contends that the prosecutor shifted the burden of proof by arguing to the jury in closing argument about petitioner's "failure" to produce witnesses in support of his case.

The trial court instructed the jury that petitioner was presumed innocent and that the prosecutor had the burden of proving petitioner's guilt beyond a reasonable doubt. (Tr. 1/13/2012, pp. 174-175). The court informed the jury that the petitioner was charged with intent with assault with intent to murder and listed the elements of the crime. The court also informed the jury that they could find petitioner guilty of the lesser included crime of assault with intent to do great bodily harm. The jury found petitioner guilty of the lesser included offense of assault with intent to do great bodily harm less than murder. The prosecution's argument did not deprive petitioner of a fair trial, because any possible prejudice which might have resulted from the comment was cured by the trial court's instructions regarding the proper burden of proof. *See Scott v. Elo*, 302 F. 3d 598, 603-04 (6th Cir. 2002). Petitioner's second claim is without merit.

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability,

8

a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right with respect to any of the claims. *Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

### V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

s/ Nancy G. Edmunds

**HON. NANCY G. EDMUNDS**  
UNITED STATES DISTRICT COURT

DATED: July 2, 2015

10